THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES ARVID FINK, Appellant.—

Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur; Herlihy, P. J., dissents and votes to modify in the following memorandum: I agree with the majority that it does not appear that the petitioner's plea of guilty was wrongfully induced. Upon pleading guilty the defendant was sentenced by the court to the terms of 20 years to life on each murder count and 10 to 20 years on the arson count, sentences to run consecutively, as the result of which the petitioner has been barred from making an application for parole during his 30 years' incarceration. The record establishes that although there is no reason to believe that the pretrial publicity induced the

plea of guilty, it is a fair inference from an examination of the record and the exhibits that there was substantial pressure to impose severe sentences. It is difficult, if not impossible, 30 years after the event, to place in proper perspective the then-existing situation. (Cf. *People* v. *Santana,* 31 A D 2d 904, revd. 25 N Y 2d 827.) Special Term held that so much of the petitioner's application as requested modification of the sentence should be denied. The petitioner has been confined to jail continuously since the 18th of January, 1940 and during that time has never been eligible to appear before the Parole Board or has he sought other judicial relief. This is apparently the first application by petitioner, at least it is the first to reach this court, and is being decided solely on the present factual and legal issues. It should be noted that if the petitioner had been convicted of murder, first, and sentenced to life imprisonment he would presently be eligible for parole, and under the present day sentencing, that meted out would be, if imposed, considered excessive. The petitioner has established that insofar as said sentences were imposed consecutively there was a denial of due process of law. While such a situation might not ordinarily be raised by *coram nobis,* it does not appear that this court should deny relief as there appears to be no other avenue of judicial relief. (See *People* v. *Hairston,* 10 N Y 2d 92, 93.) The judgment of conviction should stand, but since the error established in this case relates solely to the sentence as imposed, the appropriate relief is remittal to the Supreme Court for Delaware County with directions to vacate the sentence previously imposed and to reimpose sentence in accordance with law. I am not holding that the petitioner be released, but that upon resentence he may have the opportunity of applying to the Parole Board. The order should be modified by reversing that part thereof which denied · modification of the sentence imposed in 1940 and case remitted to the Supreme Court for Delaware County for the purpose of vacating the sentence previously imposed and for resentencing.